Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (602) 956-1409
Email: cliffordbendau@bendaulaw.com
      chris@bendaulaw.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Sean Delnoce**, **Colin Russell**, **Brian Zimmerman**, and **Austin Edwards**, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>**GlobalTranz Enterprises, Inc.**, **Andrew J. Leto and Jane Doe Leto**, a married couple, **Michael Leto and Jane Doe Leto II**, a married couple, and **Marty Sinicrope and Jane Doe Sinicrope**, a married couple,<br><br>Defendants. | No.<br><br>**COLLECTIVE ACTION COMPLAINT PURSUANT TO THE FAIR LABOR STANDARDS ACT, 29 U.S.C. § 201, ET SEQ.**<br><br>**(Demand for Jury Trial)** |

Plaintiffs, Sean Delnoce ("Plaintiff Delnoce"), Colin Russell ("Plaintiff Russell"), Brian Zimmerman ("Plaintiff Zimmerman"), and Austin Edwards ("Plaintiff Edwards") (collectively "Plaintiffs"), individually, and on behalf of all other persons similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

1.     This is an action for equitable relief, overtime pay, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), as

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

amended, 29 U.S.C. § 216(b). Plaintiffs bring this action on behalf of themselves and all similarly-situated current and former Logistics Specialists and Carrier Representatives (also referred to as the "Covered Positions") of Defendants.

2. Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants[1] for their unlawful failure to pay overtime in violation of the FLSA.

3. Plaintiffs bring a collective action under the FLSA to recover the unpaid overtime wages owed to them individually and on behalf of all other similarly-situated Logistics Specialists and Carrier Representatives, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

4. Plaintiffs and the Collective Members are current and former employees of Defendants and bring this action on behalf of themselves and all similarly-situated current and former Logistics Specialists and Carrier Representatives who Defendants misclassified as "exempt" from overtime under the FLSA, and who were therefore not paid one-and-one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.

5. The Collective Members are all current and former Logistics Specialists and Carrier Representatives who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

---

[1] All Defendants to this action are collectively referred to as either "GlobalTranz" or "Defendants" unless specified otherwise.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

6.     The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours."   Under the FLSA, employers must pay all non-exempt employees an overtime wage premium of pay one and one-half times their regular rates of pay for all time they spend working in excess of 40 hours in a given workweek.

### JURISDICTION AND VENUE

7.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

8.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this action arises under the Constitution and laws of the United States.

9.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c) because acts giving rise to the claims of Plaintiffs and the Collective Members occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged in the Complaint – and, thus, are subject to personal jurisdiction in – this judicial district.

### PARTIES

10.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

11.     At all times material to the matters alleged in this Complaint, Plaintiff Delnoce was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

12.     At all material times, Plaintiff Delnoce was a full-time employee of Defendants who worked as a Carrier Representative from approximately September 1, 2013 through approximately July 31, 2015.

13.     At all times material to the matters alleged in this Complaint, Plaintiff Russell was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

14.     At all material times, Plaintiff Russell was a full-time employee of Defendants who worked as a Carrier Representative from approximately May 1, 2013 through approximately June 30, 2016.

15.     At all times material to the matters alleged in this Complaint, Plaintiff Zimmerman was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

16.     At all material times, Plaintiff Zimmerman was a full-time employee of Defendants who worked as a Logistics Specialist from approximately December 1, 2013 through approximately February 28, 2015.

17.     At all times material to the matters alleged in this Complaint, Plaintiff Edwards was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

18.     At all material times, Plaintiff Edwards was a full-time employee of Defendants who worked as a Logistics Specialist from approximately December 1, 2013 through approximately January 1, 2016.

19. At all material times, Plaintiffs were employed by Defendants and paid as exempt employees.

20. At all relevant times, Defendants employed Logistics Specialists to perform various non-exempt duties, including, but not limited to, cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using GlobalTranz's services.

21. At all relevant times, Defendants employed Carrier Representatives to perform various non-exempt duties, including, but not limited to, cold-calling current and potential carriers and securing contracts for the carriers to transport GlobalTranz's customers' freight at the lowest possible cost.

22. At all material times, Plaintiffs were employees of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1).

23. At all material times, Plaintiffs were non-exempt employees under 29 U.S.C. § 213(a)(1).

24. Plaintiffs have given their written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

25. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated who are current or former Logistics Specialists and Carrier Representatives of Defendants, including but not limited to current or former Logistics Specialists and Carrier Representatives of Defendants who agree in writing to join this action seeking recovery under the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

26.    Plaintiffs bring this action on behalf of themselves and on behalf of all other similarly situated current and former employees of Defendants–specifically, current or former Logistics Specialists and Carrier Representatives of Defendants who Defendants misclassified as "exempt" from overtime under the FLSA and, therefore, did not receive an overtime premium for time spent working in excess of 40 hours in a given workweek.

27.    Defendant GlobalTranz Enterprises, Inc. is an Arizona corporation, authorized to do business in the State of Arizona and was at all relevant times Plaintiffs' and the Collective Members' Employer as defined by 29 U.S.C. § 203(d).

28.    Under the FLSA, Defendant GlobalTranz Enterprises, Inc. is an employer. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.    At all relevant times, Defendant GlobalTranz Enterprises, Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with GlobalTranz.  Having acted in the interest of GlobalTranz in relation to their employees, including Plaintiffs, GlobalTranz Enterprises, Inc. is subject to liability under the FLSA.

29.    Under the FLSA, Defendants Andrew J. Leto and Jane Doe Leto are employers.    The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee.  At all relevant times, Defendants Andrew J. Leto and Jane Doe Leto were the owners of GlobalTranz.  At all

relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with GlobalTranz. As persons who acted in the interest of GlobalTranz in relation to GlobalTranz's employees, including Plaintiffs, Defendants Andrew J. Leto and Jane Doe Leto are subject to individual liability under the FLSA.

30. Under the FLSA, Defendants Michael Leto and Jane Doe Leto II are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Michael Leto and Jane Doe Leto II were the owners of GlobalTranz. At all relevant times, they had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with GlobalTranz. As persons who acted in the interest of GlobalTranz in relation to GlobalTranz's employees, including Plaintiffs, Defendants Michael Leto and Jane Doe Leto II are subject to individual liability under the FLSA.

31. Under the FLSA, Defendants Marty Sinicrope and Jane Doe Sinicrope are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Defendants Marty Sinicrope and Jane Doe Sinicrope had the authority to hire and fire

employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiffs' and the Collective Members' employment with GlobalTranz. As persons who acted in the interest of GlobalTranz in relation to GlobalTranz's employees, including Plaintiffs, Defendants Marty Sinicrope and Jane Doe Sinicrope are subject to individual liability under the FLSA.

32. Defendants, and each of them, are sued in both their individual and corporate capacities.

33. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs and the Collective Members.

34. At all relevant times, Plaintiffs and the Collective Members were "employees" of Defendants as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

35. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendants.

36. At all relevant times, Defendants were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

37. Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

38. At all relevant times, Plaintiffs and the Collective Members in their work for Defendants, were engaged in commerce or the production of goods for commerce.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

39.     At all relevant times, Plaintiffs and the Collective Members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

40.     At all relevant times, all Defendants were joint employers of Plaintiffs and the Collective Members.   At all relevant times: (1) Defendants were not completely disassociated with respect to the employment of Plaintiffs and the Collective Members; and (2) Defendants were under common control.   In any event, at all relevant times, Defendants were joint employers under the FLSA, 29 C.F.R. § 791.2(b), and *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 917-918 (9th Cir. 2003), and employed Plaintiffs and the Collective Members.

## FACTUAL ALLEGATIONS

41.     Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

42.     Defendants own and/or operate as GlobalTranz Enterprises, Inc., an enterprise located in Maricopa County, Arizona.

43.     GlobalTranz is a third party logistics company headquartered in Scottsdale, Arizona, that facilitates the domestic transportation of nationally.

44.     GlobalTranz functions as a broker connecting companies that need to ship freight with carriers to ship that freight.

45.     GlobalTranz receives fees from customers with freight to ship, and it makes payments to carriers to ship that freight.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

46. GlobalTranz's profit derives from the margin between the fees it collects from customers and the payments it makes to carriers.

47. At all relevant times in their work for Defendants in the Covered Positions, Plaintiffs performed and continue to perform straightforward inside sales tasks.

48. At all relevant times in their work for Defendants, Logistics Specialist had and have the primary job duty of cold-calling current and potential customers and selling GlobalTranz's services to them. They call and email current and potential customers to obtain the customer's agreement to ship their freight using GlobalTranz's services.

49. At all relevant times in their work for Defendants, Carrier Representatives have the primary job duty of cold-calling current and potential carriers and securing contracts for the carriers to transport GlobalTranz customers' freight. When a Logistics Specialist receives a customer's agreement to ship their freight with GlobalTranz, it is the Carrier Representative's job to find a carrier to ship that freight at the lowest possible cost.

50. At all relevant times in their work for Defendants, the Covered Positions are and have been classified as FLSA-exempt and paid a base salary plus commissions based entirely on sales performance.

51. On approximately September 1, 2013, Plaintiff Delnoce began employment with Defendants as a Carrier Representative, performing primarily non-exempt tasks, such as cold-calling current and potential carriers and securing contracts for the carriers to transport GlobalTranz's customers' freight at the lowest possible cost.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

52.     On approximately May 1, 2013, Plaintiff Russell began employment with Defendants as a Carrier Representative, performing primarily non-exempt tasks, such as cold-calling current and potential carriers and securing contracts for the carriers to transport GlobalTranz's customers' freight at the lowest possible cost.

53.     On approximately March 1, 2014, Plaintiff Zimmerman began employment with Defendants as a Logistics Specialist, performing primarily non-exempt tasks, such as cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using GlobalTranz's services.

54.     On approximately December 1, 2013, Plaintiff Edwards began employment with Defendants as a Logistics Specialist, performing primarily non-exempt tasks, such as cold-calling and emailing current and potential customers to obtain the customer's agreement to ship their freight using GlobalTranz's services.

55.     Rather than paying their Logistics Specialists and Carrier Representatives–including Plaintiffs and the Collective Members–an overtime premium for time spent working in excess of 40 hours in a given workweek, Defendants misclassified them as "exempt" in order to avoid their responsibilities under the FLSA.

56.     For approximately the first 90 days of Plaintiffs' employment with Defendants, they were paid a base annual salary of $30,000 with the potential for commission incentives, regardless of how many hours they worked per workweek.

57.     After approximately the first 90 days of Plaintiffs' employment with Defendants, their base annual salary was increased to $40,000, regardless of how many hours they worked per workweek.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

58.     In a given workweek, and during each and every workweek, of Plaintiffs' employment with Defendants, they were scheduled to work, at a minimum, forty-five (45) hours per week.

59.     In a given workweek, and during each and every workweek, of Plaintiffs' employment with Defendants, they worked between five (5) and twenty-five (25) hours of overtime without being compensated at one-and-one-half times their regular rates of pay for such time worked.

60.     For example, during workweek of May 4, 2015, Plaintiff Delnoce was scheduled to work, at a minimum, forty-five (45) hours.  Additionally, during the workweek of May 4, 2015, Plaintiff Delnoce worked between five (5) and twenty-five (25) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

61.     For example, during workweek of May 4, 2015, Plaintiff Russell was scheduled to work, at a minimum, forty-five (45) hours.  Additionally, during the workweek of May 4, 2015, Plaintiff Russell worked between five (5) and twenty-five (25) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

62.     For example, during workweek of November 10, 2014, Plaintiff Zimmerman was scheduled to work, at a minimum, forty-five (45) hours.  Additionally, during the workweek of November 10, 2014, Plaintiff Zimmerman worked between five (5) and twenty-five (25) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

63.    For example, during workweek of May 4, 2015, Plaintiff Edwards was scheduled to work, at a minimum, forty-five (45) hours.    Additionally, during the workweek of May 4, 2015, Plaintiff Edwards worked between five (5) and twenty-five (25) hours of overtime without being compensated at one-and-one-half times his regular rate of pay for such time worked.

64.    In their work for Defendants, Plaintiffs and the Collective Members were non-exempt employees.

65.    At all relevant times, Defendants have required and require the Covered Positions to be constantly available by phone and email and immediately responsive to customers' and carriers' needs, as well as in touch with each other to monitor ever-changing freight needs and carrier availability.

66.    At all relevant times, GlobalTranz has required and requires the Covered Positions to work continuously through the day, communicating with potential and current customers and carriers by phone, text, and email, finalizing shipping arrangements and contracts.

67.    GlobalTranz also sets challenging sales quotas, enforces them harshly, and fosters an intensely competitive culture.

68.    These factors cause Plaintiffs to consistently work significant overtime.

69.    GlobalTranz requires the Covered Positoins to work at least 45 hours per week in the office (separate from any time worked at home).

70.     Because of the nature of the work and demands placed by GlobalTranz, management is aware that Plaintiffs consistently work through lunch (either skipping lunch or eating at their desks while working).

71.     In addition, Plaintiffs work extensive time outside of normal business hours, during mornings, evenings, and weekends.

72.     In their work for Defendants, Plaintiffs and the Collective Members were not outside sales employees.

73.     In their work for Defendants, Plaintiffs and the Collective Members were not customarily and regularly engaged away from Globaltranz's place or places of business in performing their primary duties.

74.     In their work for Defendants, Plaintiffs and the Collective Members were not commissioned sales employees half of whose total earnings consisted of commissions.

75.     At no point during any workweek during which Plaintiffs and Collective Members worked for Defendants did more than half of their total earnings consist of commissions.

76.     In their work for Defendants in the Covered Positions, Plaintiffs' and the Collective Members' primary duty was not managing the enterprise that is GlobalTranz, or managing a customarily recognized department or subdivision of the enterprise that is GlobalTranz.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

77.    In their work for Defendants in the Covered Positions, Plaintiffs and the Collective Members did not customarily and regularly direct the work of at least two or more other full-time employees or their equivalent.

78.    In their work for Defendants in the Covered Positions, Plaintiffs did not have the authority to hire or fire other employees, nor were their suggestions or recommendations as to the hiring, firing, advancement, promotion, or any other change in status of other employees given particular weight.

79.    In their work for Defendants in the Covered Positions, Plaintiffs' and the Collective Members' primary duty was not the performance of office or non-manual work directly related to the management or general business operations of GlobalTranz or GlobalTranz's customers.

80.    In their work for Defendants in the Covered Positions, Plaintiffs' and the Collective Members' primary duty did not include the exercise of discretion and independent judgment with respect to matters of significance.

81.    From the beginning of Plaintiffs' and the Collective Members' employment through the present day, Defendants failed to properly compensate Plaintiffs and the Collective Members for any of their overtime hours.  During each and every workweek during which Plaintiffs and the Collective Members worked for Defendants, they worked approximately forty-five (45) to sixty (65) hours per week, including routinely working through lunch periods, routinely working from home after regular business hours, and routinely working from home on weekends for which time Defendants failed to

accurately record Plaintiffs' and the Collective Members' time worked while suffering or permitting them to work nonetheless.

82. Defendants refused and/or failed to properly disclose to or apprise Plaintiffs and the Collective Members of their rights under the FLSA.

83. Defendants engaged in the regular practice of willfully failing to pay Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for all time that they suffered or permitted Plaintiffs and Collective Members to work in excess of forty (40) hours per workweek.

84. As a result of Defendants' willful failure to pay Plaintiffs and Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, Defendants paid Plaintiffs less than the applicable overtime wage rate for such work that Plaintiffs and the Collective Members performed in excess of forty (40) hours per workweek.

85. Defendants engaged in the regular practice of failing to accurately, if at all, record the time during which Defendants suffered or permitted Plaintiffs and the Collective Members to work. As such, Plaintiffs' and the Collective Members' time records understate the duration of time each workweek that Defendants suffered or permitted Plaintiffs and the Collective Members to work.

86. As a result of Defendants' willful failure to compensate Plaintiff the applicable overtime wage rate for such hours worked, Defendants have violated 29 U.S.C. § 207(a).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

87.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek, would violate federal and state law, and Defendants were aware of the FLSA overtime wage requirements during Plaintiff's employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

88.     Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for all work in excess of forty (40) hours per workweek.

89.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiffs' and the Collective Members' work and wages at all relevant times.

90.     In a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked for Defendants for more than 40 hours and were not paid the applicable overtime wage premium of one and one-half times their regular rates of pay under the FLSA 29, U.S.C. § 207(a).

91.     Plaintiffs and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

92.     Defendants wrongfully withheld wages from Plaintiffs and the Collective Members by failing to pay all wages due for hours Plaintiffs and the Collective Members.

93.    Due to Defendants' illegal wage practices, Plaintiffs and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

94.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

95.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current or former servers and bartenders of Defendants.

96.    Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b) on their own behalves and as representatives of individuals similarly situated who are current and former Logistics Specialists and Carrier Representatives of Defendants, who are not or were not paid one-and-one-half times their regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work, in violation of pursuant to 29 U.S.C. § 207(a), who agree in writing to join this lawsuit seeking recovery under the FLSA.

97.    At all relevant times, Plaintiffs and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully failing and refusing to pay and one-and-one-half times Plaintiffs' and the Collective

Members' regular rates of pay for all time in excess of forty (40) hours per workweek that Defendants suffered or permitted them to work. Plaintiffs' claims stated herein are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs are identical.

98. Plaintiffs and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the hours worked in excess of forty (40) during that workweek. Further, Plaintiffs and the Collective Members worked more than forty (40) hours in a given workweek without being compensated for the overtime hours worked during that workweek.

99. For approximately the first 90 days of Plaintiffs' and the Collective Members' employment, they were paid a base annual salary of $30,000 with the potential for commission incentives, regardless of how many hours they worked per workweek.

100. After approximately the first 90 days of Plaintiffs' and the Collective Members' employment with Defendants, their base annual salary was increased to $40,000, regardless of how many hours they worked per workweek.

101. In a given workweek, and during each and every workweek, of Plaintiffs' and the Collective Members' employment with Defendants, they were scheduled to work, at a minimum, forty-five (45) hours per week.

102. In a given workweek, and during each and every workweek, of Plaintiffs' and the Collective Members' employment with Defendants, they worked between five

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

and twenty-five (25) hours of overtime without being compensated at one-and-one-half times their regular rate of pay for such time worked.

103. Although Defendants permitted and/or required the Collective Members to work in excess of forty (40) hours per workweek, Defendants have denied them full compensation for their hours worked over forty (40) in a given workweek.

104. The Collective Members perform or have performed the same or similar work as the Plaintiffs.

105. The Collective Members regularly work or have worked in excess of forty (40) hours during a given workweek.

106. The Collective Members are not exempt from receiving overtime pay.

107. As such, the Collective Members are similar to Plaintiffs in terms of job duties, pay structure, and/or the denial of overtime.

108. Defendants' failure to pay overtime compensation required by the FLSA results from generally applicable policies or practices, and does not depend on the personal circumstances of the Collective Members.

109. The experiences of Plaintiffs, with respect to their pay, are typical of the experiences of the Collective Members.

110. The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

111. All class members, irrespective of their particular job requirements, are entitled to compensation for hours worked in excess of forty (40) during a given workweek.

112.    Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula.  The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

113.    As such, Plaintiffs bring their FLSA overtime claims as a collective action on behalf of the following class:

> **The FLSA Collective Members ore all of Defendants' current and former Logistics Specialists and/or Carrier Representatives who worked for Defendants at any time starting <u>three years before this lawsuit was filed up to the present.</u>**

114.    Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by manipulating and/or failing to properly record the hours the employees work.

115.    Defendants are aware or should have been aware that federal law required them to pay employees performing non-exempt duties an overtime premium of not less than one-and-one-half times their regular rates of pay for hours worked in excess of forty (40) per workweek.

116.    Defendants' unlawful conduct has been widespread, repeated, and consistent.

117.    This action is properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

118.    The Collective Members perform or have performed the same or similar work as Plaintiffs.

119.    Upon information and belief, the individuals similarly situated to Plaintiffs include more than five hundred (500) employees currently and/or formerly employed by Defendants, and Plaintiffs are unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession or control, but it can be readily ascertained from their employment records and the records of its payroll processor.

120.    Notice can be provided to the Collective Members via first class mail to the last address known to Defendants, via email at the last known email address known to Defendants, and via text message at the last known telephone number known to Defendants.

121.    Plaintiffs' claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiffs is identical or substantially similar.

## DAMAGES

122.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

123.    Plaintiffs and the Collective Members are entitled to recover overtime compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid at the federally mandated overtime rate–i.e., Plaintiffs and the

Collective Members are entitled one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per week for Defendants.

124.    Plaintiffs and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

125.    Plaintiffs and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

## COUNT ONE: FAIR LABOR STANDARDS ACT
## UNPAID OVERTIME

126.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

127.    Defendants misclassified Plaintiffs and the Collective Members as "exempt" from overtime under the FLSA.

128.    Defendants operated pursuant to their policy and practice of not paying Plaintiffs and the Collective Members one and one-half times their regular rates of pay for all time spent working in excess of 40 hours per workweek.

129.    While employed by Defendants, Plaintiffs and the Collective Members worked tens of hours of overtime per week each and every workweek for which they worked for Defendants, and Defendants did not pay to Plaintiffs and the Collective Members one-and-one-half times their regular rate of pay for such time.

130.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

131.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing and/or refusing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

132.    Plaintiffs and the Collective Members believe and therefore aver that Defendants owe them unpaid overtime wages for each and every pay period for the duration of their employment.

133.    Additionally, while employed by Defendants, during each and every workweek during which Plaintiffs and the Collective Members worked, Defendants suffered or permitted Plaintiffs and the Collective Members to work overtime hours during lunch breaks, outside of normal business hours and on weekends, yet Defendant did not pay Plaintiffs or the Collective Members any wage whatsoever for such time Plaintiffs and the Collective Members worked.  As a result, Defendants additionally failed or refused to compensate Plaintiffs and the Collective Members one-and-one-half times their regular rates of pay for hours Plaintiffs and the Collective Members worked outside of normal business hours and on weekends.

134.    As a result, Defendants have intentionally failed and/or refused to pay Plaintiffs and the Collective Members overtime according to the provisions of the FLSA.

135.    Defendants further have engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiffs and the Collective Members in accordance with 29 U.S.C. § 207.

136.    Although at this stage, Plaintiffs and the Collective Members are unable to state the exact amount owed for all time worked during the course of their employment,

Plaintiffs and the Collective Members believe that such information will become available during the course of discovery. Furthermore, when an employer fails to keep complete and accurate time records, employees may establish the hours worked by their testimony, and the burden of overcoming such testimony shifts to the employer.

137. Defendants knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiffs and the Collective Members over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiffs' and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

138. Defendants have and continue to willfully violate the FLSA by not paying Plaintiffs and the Collective Members a wage equal to one and one-half times their regular rates of pay for all time spent performing labor for Defendants in excess of their regular 40-hour workweek.

139. As a result of Defendants failure or refusal to pay Plaintiffs and the Collective Members a wage equal to one and one half times Plaintiffs' and the Collective Members' regular rates of pay for work they performed for Defendants in excess of their regular 40-hour workweek, Defendants violated 29 U.S.C. § 207(a). Plaintiffs and the Collective Members are therefore entitled to compensation of one-and-one-half times their regular rates of pay, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

WHEREFORE, Plaintiffs, Sean Delnoce, Colin Russell, Brian Zimmerman, and Austin Edwards, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiffs' and the Collective Members' favor, and against Defendants:

A.　For the Court to declare and find that the Defendants committed one or more of the following acts:

    i.　violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper minimum wages; and

    ii.　willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 207;

B.　For the Court to award damages in the amounts of all unpaid overtime wages due and owing to Plaintiffs and the Collective Members;

C.　For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

D.　For the Court to award prejudgment and post-judgment interest on any damages awarded;

E.　For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

F.　For the Court to provide reasonable incentive awards for each named Plaintiff to compensate them for the time they spent attempting to recover

wages for the Collective Members and for the risks they took in doing so; and

G.   Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

Plaintiffs request that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 28th day of April, 2017.

THE BENDAU LAW FIRM, PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau