**THE BENDAU LAW FIRM PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com

*Attorneys for Plaintiffs*

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, (State Bar # 224285)
   E-Mail: Jeffrey.Ranen@lewisbrisbois.com
JACK E. JIMENEZ, (State Bar # 251648)
   E-Mail: Jack.Jimenez@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone:   213.250.1800
Facsimile:   213.250.7900

*Attorneys for Defendants*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| **Sean Delnoce**, et al.,<br><br>           Plaintiffs,<br><br>vs.<br><br>**GlobalTranz Enterprises, Inc.**, et al.,<br><br>           Defendants. | No. 2:17-cv-01278-MHB<br><br>**JOINT MOTION FOR APPROVAL OF FLSA SETTLEMENT**<br><br>[Assigned to the Honorable Michelle H. Burns] |

The Parties, by and through undersigned counsel, pursuant to the order entered by the Court on June 4, 2018 (Doc. 58), hereby submit this Joint Motion to Approve Settlement and Dismiss the claims made in this case with prejudice. The Parties request that the Court enter the attached proposed order.

4824-3881-1242.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  Procedural Background

On July 17, 2017, Plaintiffs[1] filed their First Amended Complaint alleging that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (the "FLSA"), by failing to pay overtime to Plaintiffs, who Plaintiffs alleged were non-exempt employees. (Doc. 34). Defendants Answered Plaintiffs' First Amended Complaint on July 25, 2017. (Doc. 37). In their Answer, the Defendants denied the allegations and denied that they owed Plaintiffs any compensation. *Id*. Plaintiffs made two attempts to conditionally certify this case as a collective action under the FLSA. (Docs. 22, 52). The Court denied both of those motions. The parties then exchanged informal discovery, which facilitated subsequent informal settlement negotiations that took place in the Spring of 2018. Ultimately, the parties reached a settlement for all 15 Plaintiffs' claims for the amount of $180,000. Copies of the Parties' Settlement Agreements are attached as "**Exhibit A**."

## II.  Legal Standard

Where the litigation arises from a private enforcement action under Section 216(b) of the FLSA, the standard for approval of a settlement is straightforward: a district court should approve a settlement if it was reached as a result of contested litigation and it is a

---

[1]  Plaintiffs in this case are Named Plaintiffs Sean Delnoce, Colin Russell, Brian Zimmerman, and Austin Edwards ("Named Plaintiffs") and Opt-In Plaintiffs Joshua Chancey; Justin Cornwell, Jonathan Dixon, William Eason, Anthony Gonzales, Dalton Green, Chelsea Hanks La-Qua, Linda Knapp, Laura Lysacek, Carl Olson, and William Whitmire ("Opt-In Plaintiffs"). Named Plaintiffs and Opt-In Plaintiffs are collectively referred to as "Plaintiffs." The Opt-In Plaintiffs have filed consent forms to join this case as Opt-In Plaintiffs. However, concurrently with the filing of this motion, Carl Olson and William Whitmire now file their consent forms.

THE BENDAU LAW FIRM PLLC
P.O. Box 97066
Phoenix, AZ 85060

fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc. v. U.S.*, 679 F.2d 1350, 1352-54 (11th Cir. 1982) (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697 (1945)); *Villarreal v. Caremark LLC,* No. CV-14-00652, 2016 WL 5938705, at *2 (D. Ariz. May 10, 2016). The Court acts as a "gatekeeper" to ensure that the settlement is appropriate and does not undermine the FLSA's remedial purposes. *Villarreal,* 2016 WL 5938705, at *2.

Courts in this judicial district have held that in the FLSA context, the parties "must seek approval of their settlement agreement in order to ensure its enforceability." *Montoya v. 3PD, Inc.,* No. 13-8068, 2015 WL 11089514, at *1 (D. Ariz. July 27, 2015); *But see Smith v. Tri-City Transmission Service, Inc.,* No. 12-01254, 2012 WL 12953674, at *1 (D. Ariz. Aug. 23, 2012) (noting that "[i]t is no longer clear that a settlement of FLSA claims must be approved by the court to be binding," because settlements between represented parties in the context of litigation "could reasonably be found binding upon the parties even without court approval.").

Courts who review proposed settlement agreements in FLSA actions examine whether the settlement is a fair and reasonable resolution of a *bona fide* dispute between the parties. *Lynn's Food Stores, Inc.*, 679 F.2d at 1354. "If the settlement reflects a reasonable compromise over issues such as FLSA coverage or computation of back wages ..., the court may approve the settlement in order to promote the policy of encouraging settlement of litigation." *Juvera v. Salcido,* No. 11-2119, 2013 WL 6628039, at *8 (D. Ariz. Dec. 17, 2013) citing *Khanna v. Inter–Con Sec. Systems, Inc.,* 2012 WL 4465558, at *10 (E.D. Cal. Sept. 25, 2012).

Based on the contested nature of this litigation and the quality of the settlement,

this Court should readily conclude that this Settlement is a reasonable resolution of a *bona fide* dispute in contested litigation.

### III. The Court Should Approve the FLSA Settlement as Fair and Reasonable

#### A. The Proposed Settlement Is the Product of Contested Litigation and Resolves a Bona Fide Dispute Between the Parties

The Settlement is a result of contested litigation given that Plaintiffs' claims were compromised in the context of this lawsuit. In this action, Plaintiffs alleged Defendants violated the FLSA by failing to pay overtime wages to the Plaintiffs, who Plaintiffs allege were non-exempt employees under the FLSA. Defendants asserted that at all relevant times they believed in good faith that they paid their employees correctly and in accordance with applicable law.

The lawsuit is now more than a year old, and prior to the Settlement, the Parties had a full opportunity to analyze the pertinent factual and legal issues and assess the strengths and weaknesses of the claims and defenses at issue in this case. Defendants vigorously disputed the validity of Plaintiffs' claims. Only after continued litigation were the parties able to resolve this dispute privately. The proposed Settlement is a product of contested litigation and it resolves a bona fide dispute between the Parties.

#### B. The Proposed Settlement Is Fair and Reasonable

This Settlement is also the product of arm's-length negotiations by experienced counsel. The Settlement provides significant monetary relief to Plaintiffs and eliminates the inherent risks both sides would face if this complex litigation continued to a judgment on the merits. Under these facts, a presumption of fairness should attach to the Settlement. *See Lynn's Food Stores, Inc.*, 679 F.2d at 1354 (recognizing that courts rely

on the adversary nature of a litigated FLSA case resulting in settlement as indicia of fairness).

Plaintiffs' counsel has significant experience in wage and hour litigation and believes the monetary terms of the Settlement are fair and reasonable. See Declaration of Clifford P. Bendau, II, attached as "**Exhibit B**," at ¶ 9. Pursuant to the Settlement, the Plaintiffs will receive $180,000 combined from all Defendants. *See*, Ex A., Ex. B, at ¶5. This amount also includes Plaintiffs' counsel's attorneys' fees in a contingency amount of one-third of the gross settlement ($60,000), plus their costs of $910.58. *See id.* In addition, each Named Plaintiff will receive a $1,000 service award for the time and risks associated with participating as named plaintiffs in this action. *See id.*

All Named Plaintiffs participated in repeated, extensive interviews with Plaintiffs' Counsel before and during the litigation and provided input regarding informal document discovery. Ex. B, at ¶ 6. Each was instrumental in compiling information and documentation and assisting Plaintiffs' counsel. *Id.* Each provided Plaintiffs' counsel with extensive information and documentation, including pay stubs, employee handbooks, and other documents from their employment with GlobalTranz. *Id.* Each has been in continuous contact with Plaintiffs' Counsel from the initial investigation of the case to the present. *Id.*

The remaining $115,089.42 will be paid proportionally to the number of workweeks each Plaintiff worked for the Defendants as either a Logistics Specialist or a Carrier Representative. This result is also favorable to Plaintiffs because, absent settlement, the Parties would have conducted significant discovery and would have risked potential adverse rulings and an even greater lapse of time before recovery.

In this case, the 33 1/3% attorneys' fee is justified by the representation agreement signed between each of the Plaintiffs and Plaintiffs' Counsel,[2] the uncertainty and complexity of the litigation, the Settlement Agreement, and Plaintiffs' Counsel's lodestar hours as outlined in Exhibit B.  Plaintiffs' Counsel accepted and litigated this action solely on a contingency fee basis and have received no compensation for the outlay of attorney time, nor for any of the expenses incurred.  Moreover, there has never been any guarantee that Plaintiffs' Counsel would ever be paid for that time or reimbursed for those costs.  No matter how many hours put in, no matter how burdensome the litigation, there would be no payment unless Plaintiffs prevailed.  Moreover, this litigation involved many significantly complex issues, which exacerbated the risk of non-recovery.  Plaintiffs have asserted claims for alleged violations of the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 207.  The settlement to the Plaintiffs, and the allocation to Plaintiffs' counsel of attorneys' fees and costs, is fair and reasonable.  Plaintiffs therefore request that this Court approve the settlement agreement.

**IV.   CONCLUSION AND RELIEF REQUESTED**

As demonstrated herein, Plaintiffs are entitled to Court approval of the $180,000

---

[2]   The Settlement Agreement of Exhibit A illustrates the agreement by each Plaintiff that Plaintiffs' Counsel's attorneys' fees are one-third of the gross settlement in this matter.  Plaintiffs also each signed Opt-In Forms in which Plaintiffs agree to pay Plaintiffs' Counsel 40% of the gross settlement amount (the Opt-In Forms have become a part of the record in this case, including the two filed contemporaneously with the filing of this motion.  The 13 Plaintiffs whose Opt-In Forms are not being filed contemporaneously with the filing of this motion also signed representation agreements with Plaintiffs' counsel agreeing to pay Plaintiffs' counsel 40% of the gross recovery (those agreements have not been filed with this motion but will be made available upon the Court's request).  Plaintiffs' counsel notes that they have agreed to reduce their fees from the agreed-upon 40% to 33 1/3%.

in damages, attorney's fees, and costs negotiated under 29 U.S.C § 216(b).  Plaintiffs respectfully request the Court approve this motion and enter the attached proposed order.

RESPECTFULLY SUBMITTED this 3rd Day of July, 2018.

THE BENDAU LAW FIRM PLLC

/s/     *Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiffs

LEWIS BRISBOIS BISGAARD & SMITH

/s/     *Jack E. Jimenez* (with permission)
Jack E. Jimenez
Attorney for Defendant

**Certificate of Service**

I certify that on this 3rd Day of July, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing to all counsel of record.

/s/*Clifford P. Bendau, II*
Clifford P. Bendau, II
Attorney for Plaintiffs