1

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ERICA K. ROCUSH (State Bar # 021297)
  E-Mail: Erica.Rocush@lewisbrisbois.com

2

2929 N. Central Avenue, Suite 1700
Phoenix, Arizona 85012-2761

3

Telephone:   602.385.1040
Facsimile:   602.385.1051

4

*Attorneys for Defendants*

5

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
JEFFREY S. RANEN, (State Bar # 224285)
  E-Mail: Jeffrey.Ranen@lewisbrisbois.com

6

JACK E. JIMENEZ, (State Bar # 251648)
  E-Mail: Jack.Jimenez@lewisbrisbois.com

7

633 West 5th Street, Suite 4000
Los Angeles, California 90071

8

Telephone:   213.250.1800
Facsimile:   213.250.7900

9

10

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
DEREK S. SACHS, (State Bar # 253990)
  E-Mail: Derek.Sachs@lewisbrisbois.com

11

2020 West El Camino Avenue, Suite 700
Sacramento, California 95833

12

Telephone:   916.564.5400
Facsimile:   916.564.5444

13

*Attorneys for Defendants pro hac vice*

14

15

**THE BENDAU LAW FIRM, PLLC**
CLIFFORD P. BENDAU, II (Bar # 030204)
  E-Mail: cliffordbendau@bendaulaw.com

16

CHRISTOPHER J. BENDAU (Bar # 032981)
  E-Mail: chris@bendaulaw.com

17

P.O. Box 97066
Phoenix, AZ 85060

18

Telephone: (480) 382-5176
Facsimile: (602) 956-1409

19

*Attorneys for Plaintiffs*

20

21

**OUTTEN & GOLDEN LLP**
JAHAN C. SAGAFI
  E-Mail: jsagafi@outtengolden.com

22

One Embarcadero Center, 38th Floor
San Francisco, CA 94111

23

Telephone: (415) 638-8800
Facsimile: (415) 509-2060

24

*Attorneys for Plaintiffs pro hac vice*

25

26

// /

27

// /

28

4849-3482-8134.1

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Sean Delnoce**, et al.,<br><br>        Plaintiffs,<br>    vs.<br><br>**GlobalTranz Enterprises, Inc.**, et al.,<br><br>        Defendants. | CASE NO. 2:17-cv-01278-MHB<br><br>**STIPULATION OF SETTLEMENT** |

### STIPULATION OF SETTLEMENT

This Stipulation of Settlement is entered into between Plaintiffs Sean Delnoce, Colin Russell, Brian Zimmerman, Austin Edwards, Joshua Chancey, Justin Cornell, Jonathan Dixon, William Eason, Anthony Gonzales, Dalton Green, Chelsea Hanks-La Qua, Linda Knapp, Laura Lysacek, Carl Olson, and William Whitmire ("Plaintiffs"), and Defendants GlobalTranz Enterprises, Inc., Andrew Leto and Hillary Leto, Michael Leto and Kathleen Leto, and Marty Sinicrope and Elizabeth Sinicrope.

1.    **The Action.**

On April 28, 2017, Plaintiffs Sean Delnoce, Colin Russell, Brian Zimmerman, and Austin Edwards brought this collective action against Defendants GlobalTranz Enterprises, Inc., Andrew Leto and Hillary Leto, Michael Leto and Kathleen Leto, and Marty Sinicrope and Elizabeth Sinicrope alleging they were misclassified as exempt under the Fair Labor Standards Act ("FLSA"). Plaintiffs sought overtime pay, liquidated damages, attorneys' fees, costs, and interest.

On July 17, 2017, an Amended Complaint was filed, and on July 25, 2017 an Answer was filed denying the claims and asserting relevant affirmative defenses on behalf of Defendants.

On June 6, 2017, Plaintiffs filed a Motion for Conditional Certification and Court-Supervised Notice of Pending Collective Action, which the Court denied on September 25,

2

2017.  On October 27, 2017, Plaintiffs filed a Renewed Motion for Conditional Certification, which the Court denied on December 13, 2017.

Subsequently, the parties engaged in informal discovery for the Plaintiffs.  On May 3, 2018, the parties reached an agreement to settle the case, which resulted in a full and complete settlement as fully set forth in this signed Stipulation of Settlement.

2.   **Definitions.**

**A.**  "Agreement," "Settlement," "Settlement Agreement," or "Stipulation" means, and refers to, this Stipulation of Settlement.

**B.**  "Aggregate Workweek Number" means, and refers to, the sum of all of the Plaintiffs' Total Workweeks, which will be used to calculate the Weekly Settlement Amounts to be used to calculate the Plaintiffs' Individual Settlement Payments.

**C.**  "Attorneys' Fees and Cost Award" means, and refers to, the amount authorized by the Court to be paid to Plaintiffs' Counsel for the services they have rendered and expenses they have incurred in prosecuting this lawsuit.

**D.**  "Individual Settlement Payment" means, and refers to, the amount to be paid to each Plaintiff from the Net Settlement Amount.  The Individual Settlement Payment for each Plaintiff will result from the calculations set forth in Section 5, infra, less all applicable state and federal withholding taxes, including FICA, FUTA and SDI contributions and any other applicable payroll deductions required by law as a result of the payment of the amount allocated to the Plaintiffs under the terms of this Stipulation.

**E.**  "Named Plaintiffs" mean, and refer to, Sean Delnoce, Colin Russell, Brian Zimmerman, and Austin Edwards.

**F.**  "Net Settlement Amount" means, and refers to, the funds available to be distributed to the Plaintiffs from the Total Maximum Settlement Fund after payment of any Attorneys' Fees and Cost Award, and Service Award.

**G.**  "Opt-In Plaintiffs" and "Opt-Ins" means, and refers to, the 11 Plaintiffs who signed and filed their Opt-In forms in this matter.  Specifically, those Plaintiffs are Joshua

Chancey, Justin Cornell, Jonathan Dixon, William Eason, Anthony Gonzales, Dalton Green, Chelsea Hanks-La Qua, Linda Knapp, Laura Lysacek, Carl Olson, and William Whitmire.

      **H.** "Parties" mean, and refer to, Plaintiffs and Defendants, collectively; each may also be referred to separately as "Party."

      **I.** "Plaintiffs" mean, and refer to, the 4 Named Plaintiffs and the 11 individuals who opted in to this lawsuit ("Opt-In Plaintiffs").

      **J.** "Release Period" means, and refers to, the three years prior to the filing of the lawsuit through the date the Court grants approval of the Settlement.

      **K.** "Released Claims" means, and refers to, the claims released by the Plaintiffs as set forth in Section 11.

      **L.** "Released Parties" means, and refers to Defendants, and each of their present and former officers, directors, employees, agents, attorneys, predecessors, successors, assigns, shareholders, parents, subsidiaries, affiliated entities, joint venturers, contractors, spouses, children, representatives, transferors, transferees, partners, principals, trustees, executors, members, insurers, reinsurers, investors, servants, beneficiaries, devisees, guardians, heirs, and all other persons, firms, corporations, divisions, associations, limited liability companies, and/or partnerships associated therewith or related thereto.

      **M.** "Releasors" mean, and refer to, all of the Plaintiffs in this lawsuit and their respective heirs, beneficiaries, devisees, legatees, executors, administrators, trustees, conservators, guardians, estates, personal representatives, successors-in-interest, and assigns.

      **N.** "Service Award" means, and refers to, the amount the Court authorizes to be paid to the Named Plaintiffs and the Opt-Ins identified in Section 8 over and above their Individual Settlement Payment in recognition of their efforts in assisting with the prosecution of this lawsuit.



1  **O.**  "Settlement Award" means, and refers to, the total portion of the Net

2  Settlement Amount payable to each Plaintiff after deduction of all applicable state and

3  federal employment withholding taxes, FICA, FUTA and SDI contributions and any other

4  applicable payroll deductions required by law.

5  **P.**  "Settlement Effective Date" means, and refers to the date on which the Court

6  enters an Order and Final Judgment of Dismissal approving the Settlement.  A Proposed

7  Order and Final Judgment of Dismissal is attached as Exhibit A.  The Settlement Effective

8  Date will not be affected by any appeal or review that involves solely the amount of the

9  award of attorneys' fees or costs, as outlined in Section 7.

10  **Q.**  "Total Maximum Settlement Fund" means, and refers to, the total amount

11  that Defendants will be required to pay by this Stipulation.  The Total Maximum

12  Settlement Fund is equal to, and shall not exceed, One Hundred Eights Thousand Dollars

13  and No Cents ($180,000.00).  The Parties further agree, covenant, and represent that

14  Defendants shall be required to pay to Plaintiffs only the Total Maximum Settlement Fund.

15  This amount does not include Defendants' obligation to pay the employer share of taxes on

16  the settlement payments.

17  **R.**  "Workweek" means, and refers to, any calendar week during the Release

18  Period in which Plaintiffs worked at least one day.

19  **S.**  "Total Workweeks" means, and refers to, the sum of all the Workweeks that

20  Plaintiffs worked during the Release Period.

21  **T.**  "Weekly Settlement Amount" means, and refers to, the amount to be paid to

22  Plaintiffs for each Workweek.  The Weekly Settlement Amount is the dollar amount

23  resulting from the Net Settlement Amount being divided by the Aggregate Workweek

24  Number.

25  / /

26  / /

27  / /

28

**3.**     **Settlement Amount.**

Defendants agree to pay Plaintiffs a settlement amount of $180,000.00 (the "Total Maximum Settlement Fund") less all applicable federal, state, and local taxes and other withholdings as described in Section 6 to resolve all of Plaintiffs' Released Claims as described in Section 11.

**4.**     **Settlement Administration.**

The Parties agree to cooperate in administering the settlement, calculating the amounts due to each Plaintiff pursuant to the Settlement, and distributing the Settlement Shares to each Plaintiff.

**5.**     **Calculation of Individual Settlement Payments.**

The Individual Settlement Payments will be calculated as follows:

**A.** The Parties will establish each Plaintiffs' Total Workweeks for the Release Period.

**B.** The Parties will calculate the Aggregate Workweek Number by adding the sum of all the Plaintiffs' Total Workweeks.

**C.** The Parties will divide the Net Settlement Amount by the Aggregate Workweek Number to calculate the Weekly Settlement Amount for each Plaintiff.

**D.** The Parties will calculate each Plaintiffs' Individual Settlement Award by multiplying his or her Total Workweeks times the Weekly Settlement Amount.

**6.**     **Designation of Types of Payments.**

Because the Plaintiffs' claims include claims for liquidated damages and interest, the Parties agree that 50% of the net payment to each Plaintiff shall be treated as wages and 50% shall be treated as payment for interest and liquidated damages.

Wage payments to Plaintiffs shall be reported on an IRS Form W-2.  Non-wage payments to Plaintiffs shall be reported on an IRS Form 1099.  The Defendants shall prepare such IRS Form W-2 and IRS Form 1099 statements and provide them to the respective Plaintiffs and applicable governmental authorities.

From the wage portion of each Plaintiff's allocated amount, the Defendants shall withhold from such distribution all applicable federal, state, and local income and employment taxes required to be withheld, and cause the appropriate deposits of taxes and other withholdings to occur.  Each Plaintiffs' share of applicable federal, state, and local income and employment taxes withheld from his or her distribution and deposited with the applicable governmental authorities in accordance with this Stipulation of Settlement shall be a part of, and paid out of and shall not be in addition to, the Total Maximum Settlement Fund.  Defendants shall be responsible for the employer's share of taxes from those allocated amounts.

7.   **Attorneys' Fees and Costs.**

Defendants will not oppose Plaintiffs' Counsel's request for an award of attorneys' fees of up to Sixty Thousand Dollars and Zero Cents ($60,000.00) or 33 1/3% of the Total Maximum Settlement Fund and a Cost Award of up to Two Thousand Dollars ($2,000.00) for reimbursement of costs and administrative expenses, subject to proof.  The Attorneys' Fees and Cost Award shall come out of the Total Maximum Settlement Fund and will not increase the amount of the Total Maximum Settlement Fund.

Plaintiffs' Counsel's attorneys' fees and costs award is intended to compensate Plaintiffs' Counsel for the work already performed and costs expended in this case, and the work remaining to be performed and costs remaining to be expended in securing Court approval of the Stipulation of Settlement, defending any appellate challenges to the Stipulation of Settlement, administering the Stipulation of Settlement, ensuring that the Stipulation of Settlement is fairly administered and implementing and obtaining dismissal of the Action with prejudice.  The Defendants will issue Plaintiffs' Counsel an IRS Form 1099 for this payment.

If the Court does not approve any portion of Plaintiffs' Counsel's requested attorneys' fees or costs, such amounts that are not approved shall not revert back to Defendants (except in a case in which this Stipulation of Settlement is voided pursuant

4849-3482-8134.1

1  to Section 16).  Rather, any portion of requested attorneys' fees or costs which is not

2  approved by the Court shall be part of the Net Settlement Amount.

3  **8.  <u>Service Awards.</u>**

4  Subject to Court approval, the Parties agree to a Service Award to the Named

5  Plaintiffs in the following amounts:  $1,000 each to Sean Delnoce, Colin Russell, Brian

6  Zimmerman, and Austin Edwards.  The Service Award is over and above the Individual

7  Settlement Payment for the Named Plaintiffs in recognition of their efforts in assisting

8  with the prosecution of this lawsuit.  The Service Award shall be paid from the Total

9  Maximum Settlement Fund and shall not increase the Total Maximum Settlement Fund.

10  The Named Plaintiffs will be issued an IRS Form 1099 in connection with their Service

11  Award.

12  The Parties agree that a decision by the Court to award Named Plaintiffs an amount

13  less than the amount stated above shall not be a basis for Plaintiffs to void this Stipulation.

14  Any amount awarded for service payments to the Named Plaintiffs less than the requested

15  amounts will result in the non-awarded funds to be allocated to the Net Settlement

16  Amount.  The Named Plaintiffs shall be solely and legally responsible to pay any and all

17  applicable taxes on their Service Award.

18  **9.  <u>Settlement Payment and Distribution of Checks.</u>**

19  Within 14 days after Court approval, Plaintiffs' Counsel will calculate and provide

20  to the Defendants the final payment details, including the calculation of attorneys' fees

21  and costs, for all Plaintiffs.  Within 45 days after the Settlement Effective Date, the

22  Defendants will deliver to Plaintiffs' Counsel checks made payable to each of the

23  Plaintiffs in the amounts owed to each Plaintiff as set forth in the final allocation provided

24  by Plaintiffs' Counsel.  Plaintiffs' Counsel shall promptly deliver checks to Plaintiffs upon

25  receipt of the checks from the Defendants, and in any event within 7 days after receipt of

26  the checks.  In addition, within 45 days after the Settlement Effective Date, the

27  Defendants will deliver to Plaintiffs' Counsel a check for Plaintiffs' attorneys' fees and

28

1 costs.

2 **10.    Tax Liability.**

3 Defendants make no representations as to the tax treatment or legal effect of the

4 payments called for in this Stipulation, and the Plaintiffs are not relying on any statement

5 or representation by Defendants in this regard. Plaintiffs understand and agree that except

6 for Defendants' payment of the employer's portion of any payroll taxes, they will be solely

7 responsible for the payment of any taxes and penalties assessed on the payments described

8 herein.

9 **11.    Released Claims.**

10 In consideration of their Settlement Awards and the other terms and conditions of

11 the Settlement, the sufficiency of which is hereby acknowledged as of the date the

12 Settlement Approval Order is entered by the Court, all Opt-Ins, including Named

13 Plaintiffs, on behalf of themselves and their heirs, beneficiaries, devisees, legatees,

14 executors, administrators, trustees, conservators, guardians, estates, personal

15 representatives, successors-in-interest, and assigns, hereby release GlobalTranz

16 Enterprises, Inc., Andrew Leto and Hillary Leto, Michael Leto and Kathleen Leto, and

17 Marty Sinicrope and Elizabeth Sinicrope and all of the Released Parties from any and all

18 wage and hour claims, causes of action, damages, awards, legal, equitable, and

19 administrative relief, interest, fines, penalties, liquidated damages, attorneys' fees and

20 expenses, demands or rights that are based upon, related to, or connected with, directly

21 or indirectly, in whole or in part, the allegations, facts, subjects, or issues that have been

22 raised in this lawsuit, whether known or unknown, including, but not limited to any and

23 all claims pursuant to the FLSA, 29 U.S.C. Section 201, et. seq., and/or any state, local,

24 or other law or ordinances or pursuant to contract, tort, or equitable theories regulating

25 hours of work, wages, the payment of wages, and/or the payment of overtime

26 compensation based on any act or omission that occurred up to and including the date on

27 which the Court approves the Settlement, except for any claims for violation of any

28

LEW
IS
BRISB
OIS

1  federal, state or local statutory and/or public policy, right or entitlement that, by

2  applicable law, is not waivable.

3     **12.**   **No Admission of Liability.**

4        Nothing contained in this Stipulation of Settlement shall be construed as or

5  deemed an admission of liability, damages, culpability, negligence, or wrongdoing on

6  the part of Defendants or the Released Parties.  Defendants and the Released Parties,

7  deny any liability or wrongdoing of any kind associated with the claims alleged and the

8  allegations contained in the operative Complaint.

9     **13.**   **Inadmissibility of This Agreement.**

10       This Stipulation of Settlement is a settlement document and shall be inadmissible in

11  evidence in any proceeding, except an action or proceeding to approve, interpret, or

12  enforce its terms.

13    **14.**   **Reasonable Compromise of Bona Fide Dispute.**

14       The Parties agree that the terms of this Stipulation of Settlement represent a

15  reasonable compromise of disputed claims and issues, arising from a bona fide dispute

16  over FLSA coverage, and agree to represent the same to the Court.  The Parties further

17  agree that the settlement is a fair, reasonable, and adequate resolution of Plaintiffs' claims.

18    **15.**   **Waiver of Appeals.**

19       The Parties agree to, and do hereby waive all appeals with the sole exception that

20  Plaintiffs' Counsel can appeal a reduction, if any, in the amount of the attorneys' fees

21  and costs that the Court awards.  A denial of the requested attorneys' fees and costs

22  amount shall not void this Stipulation of Settlement or affect the entry of the Order and

23  Final Judgment.  In the event of such an appeal, Plaintiffs' Counsel holds the disputed

24  amount in their IOLTA account pending appeal.

25    **16.**   **Parties' Right to Terminate Absent Court Approval.**

26       If the Court rejects this Stipulation of Settlement citing any defect(s) in the

27  Stipulation of Settlement (including exhibits), the Stipulation of Settlement shall be null

28

and void.  The Parties agree to confer and negotiate in good faith to attempt to resolve any issues that resulted in the Court's denial in an effort to obtain Court approval of the Settlement.

17. **Timeline of Settlement Events.**

The Parties agree to the following timeline for completion of settlement:

| | |
|---|---|
| **May 21, 2018** | This Stipulation of Settlement shall be fully executed. |
| **May 21, 2018** | Plaintiffs to provide Defendants with draft motion for settlement approval. |
| **May 28, 2018** | Plaintiffs to file motion for settlement approval. |
| **7 Days after Settlement Effective Date** | Plaintiffs' Counsel to calculate and provide to Defendants final payment details, including the final allocation of settlement amounts and the calculation of attorneys' fees and costs. |
| **45 Days after Settlement Effective Date** | Defendants to deliver 31 separate checks to Plaintiffs' Counsel.  Specifically, Defendants will provide two checks payable to each Plaintiff–one for 50% of the net payment to each Plaintiff subject to withholdings and for which Defendants will issue an IRS Form W-2 and one for 50% of the net payment to each Plaintiff for which Defendants shall issue IRS Form 1099.  In addition, Defendants will provide a check to Plaintiffs' counsel for their attorneys' fees and costs for which Defendants will issue an IRS Form 1099. |
| **7 Days after Settlement Checks Delivered to Plaintiffs' Counsel** | Plaintiffs' Counsel to distribute settlement checks to Plaintiffs. |
| **Periodically** | Plaintiffs' Counsel to advise the Defendants of the status of any uncashed checks. |

/ /

18.     **Documents and Discovery.**

Within ninety (90) days after the Settlement Effective Date, Plaintiffs' Counsel shall take steps necessary to destroy or erase all documents and data produced by Defendants to Plaintiffs' Counsel in connection with this lawsuit and which are currently in Plaintiffs' Counsel's possession, custody, or control, with the exception below. Plaintiffs' Counsel shall certify to Defendants in writing that they have made good faith efforts to comply with their obligations under this provision. Plaintiffs' Counsel may keep one full copy of their own file for five years following the Settlement Effective Date.

19.     **Non-Disclosure/No Solicitation.**

The Parties agree that no Party shall issue any press release to the news media, or communicate in any way with any news media, concerning the Settlement, except to respond to press inquiries by referring to the publicly filed documents and explaining the settlement process.  Nothing in this provision shall prevent Plaintiffs' Counsel from making truthful representations regarding the Settlement or litigation to judicial authorities or in their marketing materials.

20.     **Mutual Full Cooperation.**

Counsel for the Parties agree to and shall use their best efforts to fully cooperate with each other to take all actions reasonably necessary to implement the terms of this Stipulation of Settlement, and neither Party shall take any action to oppose implementation of this Stipulation of Settlement or any of its terms.  Defense counsel shall provide Plaintiffs' Counsel with reasonable assistance necessary to draft all papers to be filed with the Court in conjunction with approval of this Settlement.

21.     **Communications.**

Unless otherwise specifically provided, all notices, demands, or other communications given under this Stipulation of Settlement shall be in writing and shall be sent via e-mail and/or U.S. mail, addressed as follows:

**To the Plaintiffs:**
Clifford P. Bendau, II, Esq.
The Bendau Law Firm, PLLC
P.O. Box 97066
Phoenix, AX 85060
Telephone: 480.382.5176
Cliffordbendau@bendaulaw.com

**To the Defendants and Released Parties:**
Jeffrey S. Ranen, Esq.
Jack E. Jimenez, Esq.
Lewis Brisbois Bisgaard & Smith LLP
633 W. 5th Street, Suite 4000
Los Angeles, CA 90071
Telephone: 213.250.1800
Jeffrey.Ranen@lewisbrisbois.com

And

Jeffrey Simmons
General Counsel
GlobalTranz Enterprises, Inc.
7350 N. Dobson Rd., Suite 130
Scottsdale, Arizona, 85256
Jeff.simmons@globaltranz.com

22.    **No Retaliation.**

    Defendants shall not take any adverse action against any Plaintiff because of the existence of, and/or participation or non-participation in, the Settlement.

23.    **Exhibits And Headings.**

    The terms of this Agreement include the terms set forth in any attached Exhibit, which are incorporated by this reference as though fully set forth herein.  Any exhibits to this Agreement are an integral part of the Settlement.  The descriptive headings of any paragraphs or sections of this Agreement are inserted for convenience of reference only and do not constitute a part of this Agreement.

24.    **Amendment Or Modification.**

    This Agreement may be amended or modified only by a written instrument signed

1   by counsel for all Parties or their successors-in-interest.

2       **25.**     <u>**Entire Agreement.**</u>

3       This Agreement and any attached exhibits constitute the entire agreement among

4   these Parties, and no oral or written representations, warranties or inducements have been

5   made to any Party concerning this Agreement or its exhibits other than the representations,

6   warranties and covenants contained and memorialized in such documents.  Defendants

7   shall not be required as part of the Settlement to modify or eliminate any of its personnel,

8   compensation or payroll practices, or adopt any new personnel, compensation or payroll

9   practices.

10       **26.**     <u>**Authorization To Enter Into Settlement Agreement.**</u>

11       Counsel for all Parties warrant and represent they are expressly authorized by the

12   Parties whom they represent to negotiate this Agreement and to take all appropriate action

13   required or permitted to be taken by such Parties pursuant to this Agreement to effectuate

14   its terms, and to execute any other documents required to effectuate the terms of this

15   Agreement.  The Parties and their counsel will cooperate with each other and use their best

16   efforts to effect the implementation of the Settlement.  In the event the Parties are unable

17   to reach agreement on the form or content of any document needed to implement the

18   Settlement, or on any supplemental provisions that may become necessary to effectuate the

19   terms of this Settlement, the Parties may seek the assistance of the Court to resolve such

20   disagreement.  The persons signing this Agreement on behalf of Defendants represent and

21   warrant that they are authorized to sign this Agreement on behalf of Defendants.

22       **27.**     <u>**Binding On Successors And Assigns.**</u>

23       This Agreement shall be binding upon and inure to the benefit of the Parties,

24   including the Released Parties as third-party beneficiaries to this Stipulation of Settlement,

25   and their respective heirs, trustees, executors, administrators, successors, and assigns.

26       **28.**     <u>**Jurisdiction Of The Court.**</u>

27       The Court shall retain jurisdiction with respect to the interpretation, implementation

28

1  and enforcement of the terms of this Agreement and all orders and judgments entered in

2  connection therewith, and the Parties and their counsel hereto submit to the jurisdiction of

3  the Court for purposes of interpreting, implementing and enforcing the settlement

4  embodied in this Agreement and all orders and judgments entered in connection therewith.

5      **29.**   **Counterparts.**

6      This Agreement may be executed in one or more counterparts.  All executed

7  counterparts and each of them shall be deemed to be one and the same instrument provided

8  that counsel for the Parties to this Agreement shall exchange among themselves original

9  signed counterparts.  Electronic signatures shall be sufficient evidence of acceptance and

10  agreement to the Settlement Agreement.

11      **30.**   **Cooperation And Drafting.**

12      Each of the Parties has cooperated in the drafting and preparation of this

13  Agreement.  Hence, in any construction made to this Agreement, the same shall not be

14  construed against any of the Parties.

15      **31.**   **Applicable Law.**

16      This Stipulation of Settlement shall be governed by and construed in accordance

17  with federal law and the law of the State of Arizona, to the extent federal law does not

18  apply.

19      **32.**   **Invalidity Of Any Provision.**

20      Before declaring any provision of this Agreement invalid, the Parties request that

21  the Court first attempt to construe the provisions valid to the fullest extent possible

22  consistent with applicable precedents so as to define all provisions of this Agreement valid

23  and enforceable.

24  Dated: 5/15/2018 _____

25                   _____
Sean Delnoce

26  Dated: 5/15/2018 _____

27                   _____
Colin Russell

28



4849-3482-8134.1

1

Dated: 5/15/18

Brian Zimmerman

2

3

Dated: 5/15/18

Austin Edwards

4

5

Dated: 05/23/2018

Joshua Chancey

6

7

Dated: 05/22/18

Justin Cornwell

8

9

Dated: 5/22/2018

Jonathan Dixon

10

11

Dated: 5/23/2018

William Eason

12

13

Dated: 5/15/2018

Anthony Gonzales

14

15

Dated: 05/21/2018

Dalton Green

16

17

Dated: 5/23/2018

Chelsea Hanks-La Qua

18

19

Dated: 5/16/18

Linda Knapp

20

21

Dated: 5/15/2018

Laura Lysacek

22

23

Dated: 5/22/2018

Carl Olson

24

25

Dated: 05/21/2018

William Whitmire

26

27

28

Dated: _____

By: Jeffrey Simmons, Esq.
GlobalTranz Enterprises, Inc.

1

2   Dated: _____

3                                                    _____
                                                     Andrew J. Leto
4
    Dated: _____
5                                                    _____
                                                     Hillary Leto
6

7   Dated: _____
                                                     _____
8                                                    Michael Leto

9
    Dated: _____
10                                                   _____
                                                     Kathleen Leto
11

12  Dated: _____
                                                     _____
13                                                   Marty Sinicrope

14
    Dated: _____
15                                                   _____
                                                     Elizabeth Sinicrope
16

17
                                                     **THE BENDAU LAW FIRM PLLC**
18  Dated: __May 31, 2018_____

19

20
                                                     By: _*Clifford P. Bendau, II*_____
21                                                        Clifford P. Bendau, II
                                                          Christopher J. Bendau
22                                                        Attorney for Plaintiffs

23

24

25

26

27

28

1  Dated: _____        **LEWIS BRISBOIS BISGAARD & SMITH** LLP

2

3                                   By: _____

4                                       Jeffrey S. Ranen

5                                       Derek S. Sachs
                                        Jack E. Jimenez
6                                       Attorneys for Defendants *pro hac vice*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    Dated: _____          _____
2                                     Brian Zimmerman
3    Dated: _____          _____
4                                     Austin Edwards
5    Dated: _____          _____
6                                     Joshua Chancey
7    Dated: _____          _____
8                                     Justin Cornwell
9    Dated: _____          _____
10                                    Jonathan Dixon
11   Dated: _____          _____
12                                    William Eason
13   Dated: _____          _____
14                                    Anthony Gonzales
15   Dated: _____          _____
16                                    Dalton Green
17   Dated: _____          _____
18                                    Chelsea Hanks-La Qua
19   Dated: _____          _____
20                                    Linda Knapp
21   Dated: _____          _____
22                                    Laura Lysacek
23   Dated: _____          _____
24                                    Carl Olson
25   Dated: _____          _____
26                                    William Whitmire
27   Dated: **5-21-18**               By: Jeffrey Simmons, Esq.
28                                    GlobalTranz Enterprises, Inc.

LEWIS
BRISBOIS

4849-3452-8134.1

16

1

2   Dated: 5 / 21 / 18 _____        _____
                                          Andrew J. Leto
3

4   Dated: 5 / 21 / 18 _____        _____
5                                          Hillary Leto

6

7   Dated: 5/21/2018 _____          _____
8                                          Michael Leto

9   Dated: 5/21/18 _____            _____
10                                         Kathleen Leto

11

12  Dated: _____                    _____
13                                         Marty Sinicrope

14
    Dated: _____                    _____
15                                         Elizabeth Sinicrope

16

17                                         **THE BENDAU LAW FIRM PLLC**

18  Dated: _____

19

20

21                                         By: _____
                                               Clifford P. Bendau, II
22                                             Christopher J. Bendau
                                               Attorney for Plaintiffs
23

24

25

26

27

28

1

2  Dated: _____

3                                          _____
                                           Andrew J. Leto
4

5  Dated: _____

6                                          _____
                                           Hillary Leto
7  Dated: _____

8                                          _____
                                           Michael Leto
9

10 Dated: _____

11                                         _____
                                           Kathleen Leto
12 Dated: 5-25-18

                                           _____
13                                         Marty Sinicrope

14 Dated: 5-25-18

15                                         _____
                                           Elizabeth Sinicrope
16

17

18 Dated: _____             **THE BENDAU LAW FIRM PLLC**

19

20

21                                    By: _____

22                                         Clifford P. Bendau, II
                                           Christopher J. Bendau
23                                         Attorney for Plaintiffs

24

25

26

27

28

LEWIS
BRISB
OIS

Dated: _May 23, 2018_    **LEWIS BRISBOIS BISGAARD & SMITH** LLP

By: _____

Jeffrey S. Ranen
Derek S. Sachs
Jack E. Jimenez
Attorneys for Defendants *pro hac vice*

4849-3482-8134.1

18

STIPULATION OF SETTLEMENT