IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sean Delnoce, et al., <br>               Plaintiffs, <br> vs. <br> GlobalTranz Enterprises, Inc., et al., <br>               Defendants. | No. CV-17-01278-PHX-MHB <br><br> ORDER |

Having considered the Plaintiffs' Unopposed Motion for Approval of FLSA Collective Action Settlement, the arguments contained therein, and the law, the Court now enters this Settlement Approval Order and FINDS, CONCLUDES, and ORDERS as follows:[1]

**I.      NATURE OF ACTION**

Plaintiffs allege that GlobalTranz misclassified them as exempt from overtime under the FLSA, 29 U.S.C. § 201, et seq. and, on that basis, failed to pay them and the Opt-Ins overtime wages.

GlobalTranz denies each of the allegations in the First Amended Complaint and denies that any Plaintiff or Opt-In is entitled to recovery. GlobalTranz also denies that this action may be properly maintained as a collective action under the FLSA.

---

[1] Except as otherwise specified herein, the Court for purposes of this Settlement Approval Order adopts all defined terms set forth in the Settlement.

## II. JURISDICTION

This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and/or released in the Settlement, and personal jurisdiction over GlobalTranz and all Plaintiffs and Opt-Ins. Specifically, this Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331; section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

## III. APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the $180,000.00 Settlement amount, the plan of allocation, and the release of claims. The Court has also read and considered Plaintiffs' Motion for Settlement Approval and its supporting memoranda and evidence. Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the Parties after Plaintiffs' Counsel had adequately investigated Plaintiffs' claims and become familiar with their strengths and weaknesses.

The Court finds and determines that the payments to be made to the Plaintiffs as provided for in the Settlement are fair and reasonable. The proposed plan of allocation is rationally related to the relative strengths of the respective claims asserted.

The Settlement is not a concession or admission, and shall not be used or construed against GlobalTranz as an admission or indication with respect to any claim of any fault or omission by GlobalTranz.

## IV. PLAINTIFFS' RELEASE OF CLAIMS

The Court has reviewed the release in section 11 of the Stipulation of Settlement and finds it to be fair, reasonable, and enforceable under the FLSA and all other applicable law. Plaintiffs shall, pursuant to the Settlement, be bound by the release of claims as set forth in the Settlement, regardless of whether a Plaintiff or Opt-in cashes or deposits his or her settlement check.

## V. SERVICE PAYMENTS TO THE NAMED PLAINTIFFS

The Court approves the service payments to the four Named Plaintiffs as set forth under the Settlement. The Court finds and determines that the awards of $1,000 each to the Named Plaintiffs are fair and reasonable.

## VI. PLAINTIFFS' COUNSEL'S AWARD OF FEES AND COSTS

The Court finds and determines that the payment of $60,000 in attorneys' fees (or 33 1/3% of the fund) and $991.41 in litigation costs and expenses, for a total payment of $60,910.58 to Plaintiffs' Counsel, is fair and reasonable. *See Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1047 (9th Cir. 2002); *Chemical Bank v. City of Seattle (In re Washington Public Power Supply Sec. Litig.)*, 19 F.3d 1291, 1297 (9th Cir. 1994); *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989); *Six Mexican Workers v. Arizona Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990).

## VII. ENFORCEMENT OF OBLIGATIONS

Nothing in this Settlement Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including the requirement that GlobalTranz make the Settlement Payments in accordance with the terms of the Settlement.

## VIII. FINAL JUDGMENT

By means of this Settlement Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

The Parties are hereby ordered to comply with the terms of the Settlement.

This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

## IX. CONTINUING JURISDICTION

Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to interpretation, administration, implementation, effectuation and enforcement of the Settlement.

**X.     SETTLEMENT APPROVAL**

Based on all of these findings and the applicable legal standards, the Court concludes that the proposed Settlement meets the criteria for settlement approval, and Orders the Parties to distribute the payments required under the Settlement.

IT IS FURTHER ORDERED denying as moot the Joint Motion to Extend Case Dismissal deadline (Doc. 59).

Dated this 27th day of July, 2018.

_____
Honorable Michelle H. Burns
United States Magistrate Judge